UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ADAM McKENZIE, | ) | |
|         Petitioner, | ) | |
| vs. | ) | No. 2:14-cv-00309-WTL-DKL |
| | ) | |
| RICHARD BROWN, | ) | |
|         Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

For the reasons explained in this Entry, the petition for writ of habeas corpus of Adam McKenzie must be **denied**.

**Background**

The pleadings in the expanded record in this action for habeas corpus relief establish the following:

1. McKenzie is a convicted offender in the custody of the Indiana Department of Correction. On June 17, 2014, he was charged with conspiracy or attempt to traffic. The factual basis of this charge was McKenzie's admission to the reporting officer that he, McKenzie, admitted to attempting to get Aramark worker Chris Alexander to traffic contraband in the prison.

3. McKenzie was notified of the charge and his procedural rights. He attended a hearing conducted on June 20, 2014. McKenzie was present at the hearing and made a statement concerning the charge. The hearing officer considered McKenzie's statement, along with the conduct report and other evidence, and found McKenzie guilty as charged. Sanctions were imposed.

**Discussion**

The disciplinary proceeding described above resulted in a sanction which will extend the anticipated duration of McKenzie's confinement. McKenzie asserts that the disciplinary proceeding described above is tainted by constitutional error and seeks to remedy that error through the issuance of a writ of habeas corpus.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). In a setting such as presented by McKenzie, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, McKenzie received all the process to which he was entitled associated with the proceeding which is challenged here. That is, the charge was clear and adequate notice was given. In addition, (1) McKenzie was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3)

the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

McKenzie's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims of insufficient evidence, failure to provide a form, and inadequacy of the hearing officer's written decision. None of McKenzie's arguments, moreover, establish that he was prejudiced. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McKenzie to the relief he seeks. Accordingly, his petition for writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 6/17/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ADAM MCKENZIE
988625
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only